IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD LEROY CLARK, JR.,

                Petitioner,

v.                                          CASE NO. 23-3229-JWL

WYANDOTTE COUNTY JAIL,

                Respondent.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Doc. 4.) Petitioner and state prisoner Richard Leroy Clark, Jr. proceeds pro se, so the Court liberally construes his petition, but the Court may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. The Court has completed an initial review and, for the reasons set forth below, will direct Petitioner to show cause why this matter should not be dismissed for lack of jurisdiction.

On September 22, 2022, a jury in Wyandotte County, Kansas convicted Petitioner of rape and aggravated indecent liberties. (Doc. 4, p. 1-2.) Ground One of the petition alleges that Petitioner received ineffective assistance from his trial counsel; Ground Two asserts prosecutorial misconduct. *Id.* at 5-6. As relief, Petitioner seeks his release from custody. *Id.* at 9. In the portion of the form petition for identifying the date of sentencing and the length of the sentence imposed, however, Petitioner advises that he has not yet been sentenced. (Doc. 4, p. 1.)

The Tenth Circuit has explained:

> [U]nder § 2254, we may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the *judgment* of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." As the Supreme Court instructed in *Burton v. Stewart*, "[f]inal judgment in a criminal case means sentence. The sentence is the judgment." 549 U.S. 147, 156, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (quoting *Berman v. United States,* 302 U.S. 211, 212, 58 S. Ct. 164, 82 L. Ed. 204 (1937)); *Ferreira v. Sec'y Dep't of Corr.,* 494 F.3d 1286, 1293 (11th Cir.2007) ("[The Supreme Court's decision in] *Burton* makes clear that the writ [of habeas corpus] and AEDPA, including its limitations provisions, are specifically focused on the judgment which holds the petitioner in confinement. What this Court has previously called the judgment of conviction and the sentencing judgment *together* form the judgment that imprisons the petitioner."), cert. denied, 555 U.S. 1149, 129 S. Ct. 1033, 173 L. Ed. 2d 315 (2009).

*Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009).

The Tenth Circuit further explained that when a state prisoner files a § 2254 petition but has not been sentenced by the state court, the "§ 2254 petition [is] premature, and the district court lack[s] jurisdiction to adjudicate it." *Id.* (citation omitted). In the matter now before the Court, Petitioner acknowledges that he has not yet been sentenced. Therefore, Petitioner will be granted time to show cause in writing, why this matter should not be dismissed without prejudice for lack of jurisdiction. If he fails to timely respond to this order, this matter may be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including November 27, 2023 in which to show cause, in writing, why this matter should not be dismissed without prejudice for lack of jurisdiction.

**IT IS SO ORDERED.**

DATED:   This 24th day of October, 2023, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
