IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD LEROY CLARK, JR.,**

                              **Petitioner,**

       v.                                          **CASE NO. 23-3229-JWL**

**WYANDOTTE COUNTY JAIL,**

                              **Respondent.**

## MEMORANDUM AND ORDER

Petitioner and state prisoner Richard Leroy Clark, Jr. filed this pro se petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court completed an initial review of the petition as required by Rule 4 of the Rules Governing § 2254 Cases in the United States District Court and concluded that it appears the Court lacks jurisdiction over this matter. Thus, on October 24, 2023, the Court issued a notice and order to show cause (NOSC) explaining that it does not appear that Petitioner had been sentenced at the time he filed his petition and, under the relevant caselaw, that leaves this Court without jurisdiction to consider his request for habeas relief. (Doc. 6.) The NOSC granted Petitioner to and including November 27, 2023, in which to show cause why this matter should not be dismissed for lack of jurisdiction. *Id.*

Petitioner has now filed a response to the NOSC. (Doc. 9.) Therein, he asserts problems with the conditions of confinement at the Wyandotte County Jail, where he is being held. He further asserts that his constitutional rights have been violated, that it is a gross miscarriage of justice to allow his confinement to continue, and that he is unfamiliar with the papers he must file to seek relief. He asks the Court not to dismiss this matter. *Id.*

1

As explained in the NOSC, when a state prisoner files a § 2254 petition but has not been sentenced by the state court, the "§ 2254 petition [is] premature, and the district court lack[s] jurisdiction to adjudicate it." *Reber v. Steele*, 570 F.3d 1206, 1209 (10th Cir. 2009) (citation omitted). In his response, Petitioner does not argue that he had, in fact, been sentenced at the time he filed his petition. (Doc. 9.) Thus, this Court must dismiss this matter for lack of jurisdiction and deny the pending motions as moot. To the extent that Petitioner wishes to pursue his claims of unconstitutional conditions of confinement, such claims must be brought in a civil rights action under 42 U.S.C. § 1983. The Court will direct the Clerk to provide Petitioner with the required, court-approved forms and instructions for filing an action under § 1983. This habeas matter, however, will be dismissed without prejudice for lack of jurisdiction.

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural rulings in this matter are not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** for lack of jurisdiction. The pending motions (Docs. 2, 5, and 7) are **denied as moot**. No certificate

of appealability will issue. The Clerk is directed to mail Petitioner the required, court-approved § 1983 forms and instructions.

**IT IS SO ORDERED.**

DATED:   This 14th day of November, 2023, at Kansas City, Kansas.

<u>S/ John W. Lungstrum</u>
JOHN W. LUNGSTRUM
United States District Judge